In the Matter of the Claim of RICHARD MARCELLUS, Appellant, against the Estate of JOHN N. MARCELLUS, Deceased.

F. JEROME CLUTE et al., Respondents.

1. SURROGATE'S COURT — JURISDICTION TO ENTERTAIN APPLICATION BY ADMINISTRATOR FOR ALLOWANCE OF HIS OWN CLAIM. The Surrogate's Court has jurisdiction to entertain an application by an administrator to establish a claim in his own favor against the estate of his intestate, under section 2719 of the Code of Civil Procedure, as amended by chapter 686 of the Laws of 1893, by the insertion therein of the provision formerly contained in chapter 460 of the Laws of 1837, that no part of the property of deceased shall be retained by an executor or administrator in satisfaction of his own debt or claim until it shall have been proved to and allowed by the surrogate.

2. APPEAL — WHEN DECISION OF APPELLATE DIVISION DEEMED NOT UNANIMOUS. A decision of the Appellate Division affirming a decree of the Surrogate's Court, though claimed to have been unanimous, will be treated as otherwise in determining the questions presented on an appeal to the Court of Appeals where nothing in the record shows that it was unanimous.

3. UNDISPUTED TESTIMONY OF CLAIMANT — QUESTION OF CREDIBILITY FOR SURROGATE. Where practically the only evidence upon an application by an administrator for the allowance of his own claim against the estate of his intestate is the testimony of the claimant himself, the question of his credibility is presented for the surrogate to pass upon, and the surrogate is not compelled to find in his favor simply because he has testified to matters more or less improbable which tended to establish his claim, especially where, if all to which he testifies is found true, it is insufficient to require a decision in his favor.

4. CLAIM BY ADMINISTRATOR AGAINST ESTATE — PROOF REQUIRED TO ESTABLISH SAME. Public policy requires that an administrator's claim against the estate of his intestate be established by very satisfactory evidence, and it is the plain duty of the surrogate, in the absence of such proof, to reject it.

5. RIGHT OF BENEFICIARY OF ESTATE TO ENFORCE DEMAND OF ESTATE BEFORE SETTLEMENT. One who will ultimately be the beneficiary of a residuary estate cannot recover upon a demand belonging to the estate and which, together with the other property, is required by the decedent's will to be first devoted to the payment of her debts and general legacies, before such debts and legacies are paid and the estate settled by the executor or by an administrator to be thereafter appointed to administer upon the property remaining in the executor's hands at the time of his death.

6. PRESUMPTION THAT EXECUTOR TOOK POSSESSION OF PROPERTY BELONGING TO ESTATE. Upon an application for the allowance of a claim against a decedent's estate based upon the contention that certain money belonging to the estate of a testatrix which was in decedent's possession immediately after the testatrix's death, remained in his possession at the time of his own death, it will be presumed, in the absence of proof to the contrary, that the executor of the testatrix, who qualified after the testatrix's death but before the decedent's death, discharged his duty by taking possession of such money, especially where it appears that he took possession of a mortgage belonging to the testatrix's estate that was likewise in the possession of the decedent.

*Matter of Marcellus*, 25 App. Div. 621, affirmed.

(Argued October 26, 1900; decided November 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 15, 1898, affirming a decree of the Schenectady County Surrogate's Court rejecting the claim of the appellant herein against the estate of John N. Marcellus, deceased, of which he was one of the administrators.

The original claim contained four items, but as there was no proof whatever as to two, the claim which was finally submitted to the surrogate for determination included only one item of sixty-five hundred dollars for money alleged to have been in the possession of John N. Marcellus, and another of one thousand dollars, the amount of a mortgage which was satisfied by him. The appellant's claim is that the money and the proceeds of the mortgage belonged to the estate of Sarah Marcellus, and were converted to his own use by John N. Marcellus.

Sarah Marcellus died a short time previous to the nineteenth of April, 1872. She left a last will and testament to which there were two codicils, all of which were duly admitted to

probate and letters testamentary subsequently issued thereon to Lawrence Marcellus as sole executor thereof. By her will the testatrix gave various legacies to her children and grand-children, and then gave to her two sons, Peter and John, all the rest and residue of her estate.

The first codicil recited that her son John had been deprived of his mental and bodily health, and that he had considerable property given to him by the will of his father. It also provided that, if he should not be perfectly restored to his mental capacity, or if restored he should die without legal issue, the devise to him in the testator's will was revoked, and Peter was to have all of her residuary estate, subject, however, to a provision that if the property devised to John by his father should be insufficient for his support, Peter should, out of the estate thereby given to him, appropriate and use sufficient thereof to constitute an amount necessary to amply and comfortably support John during his natural life. The second codicil appointed Lawrence Marcellus as executor in the place of Peter who died before the testatrix and previous to the making of the last codicil.

Peter Marcellus left him surviving the claimant, his sole heir and next of kin. John and the testatrix lived with the claimant in the city of Schenectady before and at the time of the testatrix's death. On the day following her death the claimant and the executor went to the claimant's house, where the testatrix and John had lived, and, at the request of the executor, John produced a box in which the testatrix kept her money and of which he then had the key. In this box there was found sixty-five hundred dollars in bills, besides some coin. The bills were counted, returned to the box, the box locked and the key left in the possession of John. There was no evidence showing what subsequently became of the money. Nor was there any evidence that any demand for it was ever made upon John, or that he ever used or appropriated any part thereof.

At the death of the testatrix she also owned a mortgage given to secure one thousand dollars, executed by Theodore

W. Sanders, which, on the seventh of April, 1877, was delivered by the executor to John who gave a receipt therefor as follows: "Received April 7th, 1877, of L. M., sole executor, etc., of S. M., late of the city of Schenectady, deceased, a bond and mortgage executed by Theodore W. Sanders and assigned to said deceased by Lewis R. Garnsey, on which there was due on the 2d of April, 1877, one thousand dollars, to apply on legacy to me in and by the will of said deceased. J. N. Marcellus." Subsequently John executed a satisfaction of the mortgage which was discharged of record December 29, 1881.

John N. Marcellus died intestate April 11, 1892, without issue and without having been perfectly restored to his mental capacity. Lawrence Marcellus, the executor of the will of Sarah, died between 1886 and 1889. There was no evidence that he ever rendered an account as executor; that he ever paid any of the debts or legacies as provided in his testatrix's will, or that any one has ever been appointed administrator of the goods and property of Sarah Marcellus which were left by him unadministered.

The foregoing are the essential facts found by the surrogate so far as they have any application to the questions involved upon this appeal. Upon those facts the Surrogate's Court held : 1. That under the will of Sarah Marcellus the claimant was entitled to the entire residue of her estate that should remain after the payment of her debts and the legacies mentioned in the will, subject to a charge for the necessary support of John, and also subject to a defeasance as to one-half of such residue in case John should become fully restored to his mental capacity, and that the claimant had the right to demand and receive from the executor of Sarah Marcellus the entire residue of her personal estate after the payment of her debts and the legacies mentioned in the will. 2. That under the will and codicils of his mother, John took only a contingent interest in his mother's estate dependent upon his becoming fully restored to his mental capacity; 3. That when the box containing the same, with the key, was

left in his possession, John became a gratuitous bailee of the sixty-five hundred dollars mentioned, and that such possession, in the absence of evidence that he ever appropriated it to his own use, or that the same was ever demanded, did not constitute a conversion thereof, or make him liable therefor in an action brought to recover the same against him or his legal representatives; 4. That if any right of action existed against John for the recovery of that money, it accrued when the right of Lawrence Marcellus as executor to demand the same was complete, that is, when he was appointed as such executor in 1872, and that such right of action is barred by the Statute of Limitations; 5. That the claimant has no right of action or legal claim to recover either or any of the items stated in his claim upon which this proceeding is based, but that if any such right of action or claim exists, it is vested in some one appointed or to be appointed as administrator of the goods and chattels of Sarah Marcellus which were left unadministered by the executor at the time of his death; and, 6. That the claim made by Richard Marcellus should be disallowed, with costs.

Upon that decision a decree was entered disallowing the claim of Richard Marcellus.

*J. H. Clute* for appellant. The claim herein was improperly rejected by the surrogate. (*Matter of Van Dyke*, 44 Hun, 394; *Pitkin* v. *Wilcox*, 34 N. Y. S. R. 441; *Matter of Perry*, 37 N. Y. S. R. 576; *Spencer* v. *See*, 5 Redf. 446; *Griffin* v. *Shepard*, 124 N. Y. 70; *Ham* v. *Van Orden*, 84 N. Y. 257; *Everitt* v. *Everitt*, 29 N. Y. 75; *Fargo* v. *Squires*, 154 N. Y. 258; *Gilbert* v. *Taylor*, 148 N. Y. 298; *Trustees Harvard College* v. *Quinn*, 3 Redf. 514.)

*S. W. Jackson* for respondents. The evidence fails to show a right of recovery or allowance of the $6,500 item. (1 Cow. Tr. 241; *Fuller* v. *Lewis*, 13 How. Pr. 219; *Brown* v. *Cook*, 9 Johns. 361; *Gurney* v. *Kenney*, 2 E. D. Smith, 133; *Mandeville* v. *Reynolds*, 68 N. Y. 534; *Hartwell* v. *Root*, 19 Johns. 345.)

MARTIN, J.    This was a special proceeding in the Surrogate's Court of Schenectady county instituted by one of the administrators of the estate of John N. Marcellus to establish a claim in his own favor against the estate of his intestate. The first question presented is whether the Surrogate's Court had jurisdiction to entertain the application of the appellant, or to make any decree in the proceeding thus inaugurated. We think it had.    This court, in *Matter of Ryder* (3 Silvernail's N. Y. Ct. Appeals Reps. 607; 129 N. Y. 640, 642), held that a Surrogate's Court had no jurisdiction to entertain a proceeding for the sole purpose of permitting an executor to prove his claim against his decedent's estate, but when that decision was made chapter 460 of the Laws of 1837, which provided that "no part of the property of the deceased shall be retained by an executor or administrator in satisfaction of his own debt or claim, until it shall have been proved to and allowed by the surrogate, and such debt or claim shall not be entitled to any preference over others of the same class," had been repealed and no equivalent provision had been adopted. But subsequently section 2719 of the Code of Civil Procedure was amended by chapter 686 of the Laws of 1893, by inserting therein the provision which was formerly contained in the statute of 1837.    Therefore, it becomes obvious that as the decision in the *Ryder* case was based upon the repeal of the statute of 1837, and as that statute has since been re-enacted, that case has no application to this.    As the law now stands, the previous decisions of this court under the statute of 1837, to the effect that such jurisdiction is vested in the Surrogate's Court by virtue of that provision of the statute, are pertinent and controlling.    (*Kyle* v. *Kyle*, 67 N. Y. 400, 408; *Shakespeare* v. *Markham*, 72 N. Y. 400; *Boughton* v. *Flint*, 74 N. Y. 476.)

Assuming then, as we must, that the Surrogate's Court had jurisdiction of this proceeding, the question is presented whether any error of law was committed which requires a reversal by this court.    The decree of the surrogate was affirmed by the Appellate Division.    While the decision of

that court is said to have been unanimous, we find nothing in the record showing that fact, and it must, therefore, be treated as otherwise in determining the questions presented upon this appeal.

The only substantial error claimed by the appellant is that, in view of the evidence given upon the trial, the learned surrogate was not justified in refusing to allow his claim. It cannot be held, as a matter of law, that the appellant's claim should have been allowed. We are of the opinion that the findings of fact contained in the decision of the surrogate were sustained by the evidence, and that the surrogate, upon the proof before him, was justified in rejecting the claim.

Practically the only evidence in the case was the testimony of the claimant himself, who was a vitally interested witness. Therefore, the question of his credibility was presented for the surrogate to pass upon. He was not compelled to find in the appellant's favor simply because he had testified to matters more or less improbable which tended to establish his claim, especially where, if all to which he testified was found true, it was insufficient to require a decision in his favor. Public policy required that his claim against the estate he represented should be established by very satisfactory evidence, and it was the plain duty of the surrogate, in the absence of such proof, to reject it. (*Matter of Van Slooten* v. *Wheeler*, 140 N. Y. 624, 633.) The evidence in this case fell far short of being sufficient to require an allowance of the appellant's claim, and the decision of the learned surrogate disallowing it was properly affirmed by the court below.

We know of no principle upon which the claimant was entitled to recover against the estate of which he was an administrator upon a demand which clearly belonged to the estate of Sarah Marcellus, and which should have been enforced by the executor of that estate, or after his death by an administrator of such goods and chattels as were left unadministered. That the claim to the property in question upon the death of Sarah Marcellus vested in her executor, subject to the provisions of her will and codicils, there can be no

doubt. The property in question, together with her other property, was required by her will to be first devoted to the payment of her debts and general legacies. Hence, no part of it could be claimed by the appellant until such debts and legacies were paid and the estate of Sarah was settled by the executor, or by an administrator to be thereafter appointed to administer upon the property remaining in the executor's hands at the time of his death.

We are also of the opinion that even if the proceeding was properly instituted by the appellant, and the title to the residue of the estate after the payment of the debts and general legacies vested in him, still that the proof was insufficient to show that the sixty-five hundred dollars remained in the hands of John N. Marcellus at the time of his death, or that the one-thousand-dollar mortgage was not properly disposed of by the executor in contributing to John's support according to the provisions of the will and codicils. The proof merely discloses that on the day following the death of the testatrix the money in question and the mortgage were in the hands of John N. Marcellus. Letters testamentary were not issued to the executor until more than ten days later, and until then he was not entitled to the possession of the property, nor would he have been justified in interfering with it further than was necessary for its preservation or safekeeping. (Code Civil Procedure, § 2613.) Therefore, if it was safe in the hands of John N. Marcellus, the executor properly permitted it to remain there until letters were issued. When they were issued, it then became his duty to take possession of the property and administer it according to the provisions of his testatrix's will. In the absence of proof to the contrary, it is to be presumed he discharged that duty. The general presumption is that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done. (*Mandeville* v. *Reynolds*, 68 N. Y. 528, 534; *Hartwell* v. *Root*, 19 Johns. 345.) The same presumption obtains as to a servant's having discharged the duty imposed upon him. (*Turner* v. *Kouwen-*

*hoven,* 100 N. Y. 115.)   That presumption was strengthened by the fact that the mortgage was in the possession of the executor and transferred by him, as there is no reason to suppose that he would have taken possession of the mortgage and not taken the money at the same time.   There is certainly no proof in the record to show that the executor did not take possession of the money as well as the mortgage, or that the former was not in his possession at the time of his death; nor was there evidence sufficient to justify the surrogate in holding that the mortgage was not properly transferred to John M. Marcellus by the executor.

Without further discussion of the questions argued upon this appeal and presented by the briefs of the respective counsel, we think it is apparent that the evidence before the surrogate was insufficient to justify him in holding otherwise than that the claim of the appellant should be rejected.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.