## EMPIRE CARTING CO., Inc., v. EMPLOYERS' REINSURANCE CORPORATION.

### No. 324.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

Cabell, Ignatius & Lown, of New York City (Milton B. Ignatius and Joseph S. Catalano, both of New York City, of counsel), for appellant.

Schreiber, Buchtler & Rathheim, of New York City (Alfred Rathheim and Harold M. Hoffman, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff qualified as a self-insurer under the provisions of the New York Workmen's Compensation Law (Consol. Laws N. Y. c. 67). It then insured its liability in excess of $1,000 as the result of any one accident through a policy of insurance obtained from the defendant.

An employee of the defendant was injured in the course of his employment and died from such injuries. An award was made for the benefit of his dependents in accordance with the Workmen's Compensation Law of New York (Consol. Laws N. Y. c. 67), payable in biweekly installments. The plaintiff complied with this award by making payments thereunder until $1,000 had been paid, and then the defendant began to make payments in accordance with its agreement in its policy.

While the defendant was making such payments, the Industrial Commission of New York notified the plaintiff that the deposit it had already made to qualify as a self-insurer must be increased by the additional deposit of $6,500. The plaintiff did not comply with the notice. Subsequently, the New York Industrial Board computed the then present value of the award at $6,746.36 and ordered that amount paid into the aggregate trust fund as provided by section 27 of the Workmen's Compensation Law (Consol. Laws N. Y. c. 67).

The plaintiff claims that the defendant is liable under its policy of insurance to make the payment into the aggregate trust fund. That portion of the policy claimed to cover such a payment follows:

"B. If and when the Assured, as a result of any one accident to one or more Employees, has paid out or become liable for an aggregate amount for compensation and medical expenses, equal to the sum of One Thousand ($1,000.00) Dollars, the Corporation will thereafter pay or make provision for payment in accordance with the Compensation Law of New York, to such Employees and/or their dependents, all compensation thereafter to be paid in excess of such aggregate amount first herein named, in the way and manner required by law, and will continue said payments until the same reach an amount equal to the maximum limit of liability of the Corporation hereunder."

It will be seen that the defendant is bound to "pay or make provision for payment in accordance with the Compensation Law of New York, to such Employees and/or their dependents, all compensation," etc. The defendant claims this applies only to the payment or the making provision for payment under section 25 of the Compensation Law. That it does apply to such payments is plain enough, but the language is also amply broad to apply as well to the making provision for payment to dependents under section 27. This section reads:

"§ 27. Depositing future payments. If an award under this chapter requires payment of death benefits or other compensation by an insurance carrier or employer in periodical payments, the board may, in its discretion, at any time, any provision of this chapter to the contrary notwithstanding, compute and permit or require to be paid into the state fund an amount equal to the present value of all unpaid death benefits or other compensation in cases in which awards are

made for total permanent or permanent partial disability for a period of one hundred and four weeks or more, for which liability exists, together with such additional sum as the board may deem necessary for a proportionate payment of expenses of administering the fund so created. The moneys so paid in for all death benefits or other compensation to constitute one aggregate and indivisible fund; and thereupon such employer or insurance carrier shall be discharged from any further liability under such award and payment of the same as provided by this chapter shall be assumed by the special fund so created. All computations made by the board shall be upon the basis of the survivorship annuitants table of mortality, the remarriage tables of the Dutch Royal Insurance Institution and interest at three and one-half per centum per annum.

"Such special fund shall be kept separate and apart from all other moneys of the state fund, and shall not be liable for any losses or expenses of administration of the state fund other than the expenses involved in the administration of such special fund, nor shall the state fund be charged with the losses or expenses of the aggregate special fund beyond the amount of such special fund.

"Any portion of such special fund may be invested by the commissioner, with the approval of the superintendent of insurance, in the same securities as provided in this chapter for the investment of the state insurance fund."

Whether, strictly construed, section 27 is a method of providing for payment to dependents by way of insurance or not, a lump sum award made under its provisions, if paid, is a payment in accordance with the New York Compensation Law, and, as section 27 provides that the payment of the compensation award shall be assumed by the fund, this is a method, in accordance with that law whereby provision is made for payment to employees or their dependents. The defendant agreed to pay employees or their dependents or to make provision for such payment in accordance with the Compensation Law. As between the plaintiff, who was insured, and the defendant, who was the insurer, the contract they made controls. The defendant sold the insurance according to the terms of its own policy, and, if there is any ambiguity, the construction to be adopted is that most favorable to the insured. Mutual

Life Ins. Co. v. Hurni Co., 263 U. S. 167, 174, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Greenbaum v. Columbian Nat. Life Ins. Co. of Boston (C. C. A.) 62 F.(2d) 56. So, if the clause quoted may apply to section 25 of the Compensation Law or to section 27 or to both, we must construe it to apply to the making of provision for payments under section 27, and so we do.

Some suggestion has been made that the amount ordered paid into the aggregate trust fund was not final and correct because the Industrial Board did not take into consideration the Dutch Remarriage Tables as the law requires it to do. We cannot assume that it did not. The fact that the Industrial Board fixed the amount when professing to act in accordance with the law is prima facie sufficient. Compare Matter of Marcellus, 165 N. Y. 70, 58 N. E. 796; Hamilton v. Erie R. R. Co., 219 N. Y. 343, 114 N. E. 399, Ann. Cas. 1918A, 928.

It is further claimed that a triable issue was presented by an allegation in the answer to the effect that the plaintiff agreed to maintain its status as a self-insurer, and upon its failure to do so this award was made as a penalty. Since the award was made in accordance with the Compensation Law, we are not concerned, in giving effect to the language of the defendant's policy, with what moved the Industrial Board to make its order. Yet the allegation of a breach of the agreement by the plaintiff in not maintaining its status as a self-insurer would preclude a summary judgment were there any issue to be tried. However, the allegation that it failed to maintain that status is only argumentative. Failure to make the additional deposit was not a failure to maintain the plaintiff's status as a self-insurer. The Commissioner might revoke his consent for good cause shown. Section 50 (3) of the Workmen's Compensation Law. But there is no allegation that he did. On the contrary, it appeared, by affidavit wholly uncontradicted and supported by an attached letter of the cashier of the self-insurance division of the New York Department of Labor, that the plaintiff was a duly authorized self-insurer while this policy was in force to and including the time when this suit was brought. Consequently, neither by affidavit nor proof did the defendant show facts sufficient to entitle it to defend.

Affirmed.