■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK DAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 15, 1979, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Reversal is required because several comments made by the trial court operated to deny the defendant his fundamental right to a fair trial. In the course of its instructions to the jury on intent, which was a necessary element of each of the crimes charged, the trial court made the following statements: "I should like to give you an illustration of intent that I give the Jury generally. If A hits B on the head with a hammer and comes into Court and he says, I didn't intend to hurt B, well, now, you ask yourself a question: when a man hits another man on the head with a hammer what do you think he intended to do? You certainly don't test out a hammer on a man's head. What was the intent here? This is for you to say, predicated upon the testimony to which you listened, bearing in mind always that the believeability *[sic]* and the credibility of any witness is for you to determine, not the Judge." The use of a similar "example" of hitting a man on the head with a hammer to explain "intent" was held in *People v Holiday* (70 AD2d 645) to have no application to the facts (as here) and to be inappropriate. In dealing with the consideration of sympathy and punishment, the court instructed the jury: "I must tell you that sympathy plays no part in your deliberation, none whatever. If you are going to be sympathetic to this Defendant you must be sympathetic *to the victim.* Punishment plays no part in your deliberation. If you come to the conclusion that the facts have not been established to your satisfaction beyond a reasonable doubt and you find him not guilty there is no punishment. On the other hand, should you come to the conclusion that you are convinced that *the perpetrator, this Defendant,* did in fact fire those shots and you are convinced beyond reasonable doubt and you vote the other way, the question of punishment rests upon my shoulders and I don't hesitate to tell you that

they are big enough and broad enough to assume that responsibility if that eventuality should arise." By referring in its charge to the complainant as the "victim" and to the defendant as the "perpetrator", the court impermissibly insinuated to the jury that the complainant was the victim of injuries resulting from acts committed by the defendant. The defendant's culpability and criminal liability were issues solely to be resolved by the jury without any indication of the court's evaluation of the evidence, and the use of such descriptive, conclusory terms constituted an invasion of the jury's province. Moreover, the court's comment to the effect that "the question of punishment rests upon my shoulders and I don't hesitate to tell you that they are big enough and broad enough to assume that responsibility if that eventuality should arise", represents an undue emphasis on its capability and willingness to punish, and coupled with its reference to the defendant as the "perpetrator" and the complainant as the "victim", could be interpreted by the jury as an indication of the court's state of mind concerning how the verdict should go, and, by implication, that a verdict of guilty will result in a substantial sentence, a disclosure which is of no proper concern to the jury. Apart from any consideration of the evidence adduced at the trial, the above-mentioned errors are such that, taken in conjunction, they patently deprived the defendant of a fair trial. Mollen, P. J., Hopkins, Lazer, Cohalan and Gibbons, JJ., concur.