■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered August 13, 1984, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Consideration of the six factors set forth in *People v Green* (103 AD2d 362, 363-364) leads us to conclude, contrary to the hearing court that exigent circumstances existed at the time of the defendant's arrest. Therefore, the warrantless arrest of the defendant must be deemed proper. The defendant's statement, given in response to a police officer's inquiry approxi-

mately two hours after his arrest and less than two hours after the defendant was initially advised of his *Miranda* rights, was made after a proper waiver of those rights and was therefore admissible *(see, People v Glinsman,* 107 AD2d 710).

Although the supplemental instruction given by the trial court in response to a question from the jury seeking clarification of the definition of intent may have been more particularized than the question warranted, we conclude that the supplemental instruction must be considered nonprejudicial and harmless in light of the overwhelming evidence of the defendant's guilt.

We have considered the defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.