■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN JOHNSON, Appellant.

■ Memorandum: Defendant maintains on this appeal that the trial court erred in its instruction by referring to the complainant as the victim. Although the court's reference to complainant as the victim was improper *(People v Davis,* 73 AD2d 693), reversal is not warranted because, when viewed as a whole, the charge correctly conveyed to the jury the proper standards to apply in arriving at its decision. *(People v Coleman,* 70 NY2d 817, 819; *People v Richardson,* 117 AD2d 825, 826, *appeal denied* 67 NY2d 1056.) Moreover, since the evidence of guilt was overwhelming, and there is no significant probability that but for this improper instruction the jury would have acquitted defendant this error was harmless *(People v Crimmins,* 36 NY2d 230, 242; *People v Mitchell,* 72 AD2d 920, 921).

Defendant also contends that the trial court erred in refusing his request to record the entire voir dire. While it is better practice upon request to record the voir dire, defendant failed to demonstrate any prejudice; thus, reversal is not mandated *(see, People v Pepper,* 59 NY2d 353, 358-359; *see also, People v Fearon,* 13 NY2d 59, 61).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—robbery, first degree, and other charges.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.