■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BREWINGTON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of three counts of murder in the second degree, all arising from the robbery, rape and brutal beating of a 73-year-old woman. On appeal, defendant claims that items seized from his apartment should have been suppressed; that the trial court erred by summarily rejecting his request to discharge the jury panel, by admitting into evidence a sample of defendant's pubic hairs and an expert's testimony concerning a comparison of defendant's hairs with hairs combed from the victim, and by referring to the man inside the victim's apartment as the "perpetrator"; that the prosecutor's comment during summation constituted misconduct; and that the evidence was legally insufficient to support the felony murder conviction based upon robbery.

The suppression court credited the testimony of a police witness and found that the written consent to a search of defendant's apartment was executed voluntarily by his wife. Because this finding is supported by the record and is not erroneous as a matter of law, it should not be disturbed on appeal *(People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Valencia,* 126 AD2d 764).

The motion to discharge the jury panel was not made in writing and advanced no claim that statutory requirements had not been satisfied or that blacks had been intentionally and systematically excluded from the panel. Under these circumstances, the court did not err by denying the motion without a hearing (CPL 270.10; *see also, People v Parks,* 41 NY2d 36; *People v Lanahan,* 96 AD2d 675).

The court's reference to the person inside the victim's apartment as the "perpetrator" was improper as it withdrew an issue of fact from the jury's consideration *(People v Davis,* 73 AD2d 693; *see also, People v Johnson,* 140 AD2d 954, *lv denied* 72 NY2d 920). Proof of defendant's guilt was overwhelming, however, and there is no reasonable likelihood that absent this error, defendant would have been acquitted. Thus, the error was harmless *(People v Crimmins,* 36 NY2d 230; *People v Johnson, supra).* We have reviewed defendant's remaining claims and find them to lack merit. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—murder, second degree.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.