■ In the Matter of the Estate of SARA H. DAVIDSON, Deceased. SAMUEL HOFFMAN et al., Respondents-Appellants; MORTON DAVIDSON, Appellant-Respondent.—In a proceeding seeking enforcement of an agreement of compromise in a will contest, Morton Davidson appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated March 25, 1988, as limited his award of damages for the petitioners executors' failure to maintain a certain premises to the sum of $8,634 and ordered him to execute and assign his rights in certain insurance policies, and the petitioners executors cross-appeal, as limited by their brief, from so much of the same decree as awarded Morton Davidson the sum of $8,634.

Ordered that the decree is modified, on the law, by deleting therefrom the provision which directed Morton Davidson to execute in favor of the executors of the estate of Sara H. Davidson an assignment of his right, title and interest in certain insurance policies as of December 19, 1984, and substituting therefor a provision directing Morton Davidson to execute in favor of the executors an assignment of his right title and interest in the policies as of July 25, 1986; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Surrogate's Court properly determined that Morton Davidson's expert failed to measure and deduct an allowance for physical deterioration or depreciation in estimating the cost of replacing items claimed by him (see, Matter of Putnam Theat. Corp. v Gingold, 16 AD2d 413, 417). As a result, the court was not compelled to find in Morton Davidson's favor with respect to these issues (see, e.g., Matter of Marcellus, 165 NY 70, 76).

However, since the agreement of compromise obligated Morton Davidson to assign all his interest in certain insurance policies simultaneously with the conveyance of the deed to the premises, we have modified the decree to provide that July 25, 1986, when the deed was tendered, is the date when Morton Davidson should have assigned the policies.

We have considered the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.