■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FRAZIER, Also Known as SONNY FRAZIER, Appellant.— Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that defendant's contention

that he was denied due process by reason of an 11-year preindictment delay is meritless. Here, the delay was reasonable in that it was based upon a good-faith determination by the police to defer prosecution until statements of defendant's accomplice in an unrelated case could be corroborated (see, People v Singer, 44 NY2d 241, 253-254; People v Corrigan, 139 AD2d 918, 919, lv denied 72 NY2d 917). Next, defendant contends that the court erred in receiving evidence linking him with the murder weapon. We disagree. The challenged evidence had been previously used in an unrelated case in which the defendant was acquitted of criminal possession of the same weapon. The doctrine of collateral estoppel has no application here, since the record establishes that the basis for the acquittal was lack of sufficient accomplice corroboration, rather than a factual determination that the defendant did not possess the weapon (see, People v Acevedo, 69 NY2d 478, 488; People v Goodman, 69 NY2d 32, 40). Also without merit is defendant's contention that the court erred in denying his motion pursuant to CPL article 330 to set aside the verdict. The admissions made were properly received, since it is clear from the record that no agency relationship existed between the police and the inmate at the time the admissions were made. Thus, the defendant's right to counsel was not violated (see, People v Cardona, 41 NY2d 333). Finally, since leave to appeal was not sought from the court's denial of defendant's motion (CPL art 440), the issue is not before us. (Appeal from judgment of Niagara County Court, Morton, J.—murder, second degree.) Present—Dillon, P. J., Doerr, Lawton, Davis and Lowery, JJ.