■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID HENDERSON, Respondent, v ANDREW MELONI, as Sheriff of Monroe County, et al., Appellants.—Judgment unanimously reversed on the law and petition dismissed. Memorandum: On April 13, 1989 relator was paroled from the Attica Correctional Facility. On July 27, 1989 he was taken into custody on

charges that he had violated certain conditions of his release. A final parole revocation hearing was held on November 6, 1989. Although no evidence was offered at the hearing to show that relator had executed and received a copy of the conditions of his release (see, 9 NYCRR 8003.2), the Hearing Officer took notice that relator could not be released on parole unless he had signed and received the conditional release document. The Hearing Officer found that relator violated several of the general release conditions applicable to all parolees as contained in 9 NYCRR 8003.2.

In this habeas corpus proceeding, relator contends that because it was not shown at the revocation hearing that he was aware of and understood the conditions of his release, the evidence was insufficient to support revocation of his parole. In their return, respondents submitted a "Certificate of Release of Parole Supervision" dated April 12, 1989, signed by relator, and setting forth his "Conditions of Release". Nevertheless, County Court granted the petition "on the grounds that the [parole revocation] hearing failed to disclose any evidence of the required Conditional Release Document". We reverse the judgment and dismiss the petition.

9 NYCRR 8003.1 (c) provides that: "Parole or conditional release will not be granted to any individual unless he states in writing, in the presence of a witness, that he has read and understood the conditions of release." The regulations also provide that "[a] copy of the conditions of release * * * shall be given to each inmate upon his release to supervision" (9 NYCRR 8003.2).

In finding that relator violated several general release conditions applicable to all parolees as contained in 9 NYCRR 8003.2, the Hearing Officer, in the absence of any evidence to the contrary, was entitled to presume that the Division of Parole had complied with its own regulations (see, People v Richetti, 302 NY 290; Matter of Marcellus, 165 NY 70; see generally, Richardson, Evidence § 72 [Prince 10th ed]). (Appeal from judgment of Monroe County Court, Connell, J.—habeas corpus.) Present—Dillon, P. J., Callahan, Green, Davis and Lowery, JJ.