■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS AFRANE, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered March 5, 1990,

convicting defendant, after a jury trial, of two counts of rape in the first degree and two counts of sexual abuse in the first degree, and sentencing him to concurrent terms of imprisonment of 8⅓ to 25 years on the rape counts to run concurrently with concurrent terms of imprisonment of 1 to 3 years on the sexual abuse counts, unanimously affirmed.

Defendant was convicted for the rape and sexual abuse of his stepdaughter on two occasions, the first in 1985 when the victim was 10 years old, and the second in 1988 when she was 13 years old. Defendant was charged with statutory rape with respect to the first incident, and on a theory of forcible compulsion with respect to the second incident.

Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's findings of credibility under the standards set forth in *People v Bleakley* (69 NY2d 490), the People's evidence was sufficient to establish, beyond a reasonable doubt, that defendant used physical force against the victim *(see, People v Fuller,* 50 NY2d 628, 636-637; *People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872), satisfying the element of forcible compulsion (Penal Law § 130.00 [8] [a]). Defendant's failure to object to the supplemental instructions failed to preserve his appellate claim with respect thereto, and we decline to review in the interest of justice. Also unpreserved is defendant's claim that the prosecutor improperly elicited evidence of uncharged crimes *(People v Sampson,* 157 AD2d 507), and, in view of the overwhelming evidence of guilt, we decline to review in the interest of justice *(People v Alexander,* 153 AD2d 507, 509, *affd* 75 NY2d 979). In any event, were we to review this claim, we would find it to be without merit. Defendant failed to preserve any challenge to the People's summation by specific objection *(People v Balls,* 69 NY2d 641), or by seeking a mistrial or other curative relief *(People v Davis,* 61 NY2d 202, 207), and, here too, in view of the overwhelming evidence of guilt, we decline to review in the interest of justice *(People v Alexander, supra).* Finally, since defendant never challenged the effectiveness of his trial representation by a CPL 440.10 motion, we are not presented with a reviewable record *(People v Brown,* 45 NY2d 852, 853-854), and, on the record that has been given us, it cannot be concluded that defendant was denied meaningful representation *(People v Baldi,* 54 NY2d 137, 147).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.