OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a jury trial, of criminal possession of a weapon in the second and third degrees and assault in the second and third degrees. The evidence was that the defendant argued with his neighbor about defendant’s dog and then shot his neighbor. The jury disbelieved the defense of alibi.
 We conclude that neither issue raised by defendant on this appeal has been preserved for review.
First, during their deliberations the jury asked for a "written list of elements for each charge.” The court declined to give it but offered the jurors the opportunity to take notes on what was said. Four jurors accepted the offer of pencil and paper. Following the completion of the supplementary instructions, the defendant moved for a mistrial both because of the note-taking and because the court permitted the jurors to ask oral questions while it was giving supplementary instructions. However, at the time the court permitted the jurors to take notes, there was no objection and no request for cautionary instructions. In fact, 30 to 40 minutes after the supplemental instructions had been given, the prosecutor requested that the court give cautionary instructions on the taking of notes, but the defendant objected, thereby waiving any claim he might have had regarding the need for cautionary instructions.
Second, during the course of the additional instructions, some jurors orally requested instructions regarding intoxication and intent, spontaneity, and whether or not the submitted counts were linked. In his motion for a mistrial, the defendant’s only objection was that the oral questions did not permit him to preserve the jury’s queries other than through the court reporter’s minutes. On this appeal, defendant now advances the claim that he was denied an opportunity to discuss with the court any supplemental instructions before such instructions were actually given (see, People v ORama, *879 78 NY2d 270 [indicating that a defendant should be given some opportunity to discuss proposed answers to jurors’ questions]). Thus, this issue, too, was not preserved (see, People v DeRosario, 81 NY2d 801).
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.