■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUANITA DUDLEY, Also Known as VEGA, Appellant. [609 NYS2d 823] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered April 17, 1991, convicting her of criminal sale of a controlled substance in the third degree under Indictment No. 2616/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the Supreme Court, Kings County (Kramer J.), also rendered April 17, 1991, revoking a sentence of probation previously imposed under Indictment No. 10477/89, upon a finding that she had violated conditions thereof, upon her admission, and imposing a sentence upon her previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment and amended judgment are affirmed.

The defendant's contentions that the Supreme Court's supplemental instructions created the impression that the identification of the defendant was an established fact and unfairly marshaled the evidence of misidentification are unpreserved for appellate review (see, CPL 470.05 [2]; People v Stewart, 81 NY2d 877; People v Williams, 195 AD2d 986; People v Pizzaro, 184 AD2d 448; People v Alfrane, 184 AD2d 324; People v Velasquez, 178 AD2d 451). In any event, in light of the overwhelming evidence of guilt, there is no significant probability that the supplemental instructions influenced the verdict and therefore, any error in this respect was harmless (see, People v Crimmins, 36 NY2d 230; People v Rowley, 160 AD2d 963; People v Brewington, 145 AD2d 962, 963; People v Rivera, 125 AD2d 421).

The defendant's requests for a hearing on the issue of whether the defense counsel was afforded an opportunity to suggest responses to the jury's notes is not preserved for appellate review (see, People v Stewart, supra, 81 NY2d, at 879; People v Backus, 184 AD2d 231; see also, People v O'-Rama, 78 NY2d 270, 277), and in any event, rests on matter which is not contained in the record, so that the presentation of this issue on direct appeal is improper (see, People v Noland, 189 AD2d 829).

We have examined the defendant's remaining contention and find it to be without merit (see, *People v Suitte,* 90 AD2d 80). Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.