■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MCCONNELL, Appellant. [649 NYS2d 606] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree, defendant argues that County Court erred in denying his motion to suppress statements he made to law enforcement officials. "In reviewing a determination of the suppression court, great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses and its findings should not be disturbed unless clearly erroneous" (People v Hill, 175 AD2d 603). The record supports the suppression court's conclusion that defendant was not in custody when he made statements to law enforcement officials prior to his receiving Miranda warnings. Defendant voluntarily accompanied law enforcement officials to the police station to give a statement in the course of an investigation into the victim's disappearance, and he was free to leave until he made the incriminating statements (see, People v Centano, 76 NY2d 837, 838).

After defendant was given Miranda warnings, he declined to speak with the police. Questioning of defendant ceased, but, in defendant's presence, an investigator reported to a detective that bloody clothing had been found. Defendant then waived his Miranda rights and gave a confession. Defendant argues that the statement made by the investigator was the functional equivalent of interrogation designed to elicit an incriminating response (see, People v Ferro, 63 NY2d 316, 322-324, cert denied 472 US 1007). We disagree. The statement of the investigator was not addressed to defendant, but to another law enforcement official assisting in an ongoing investigation (see, People v Bryant, 59 NY2d 786, 788, rearg dismissed 65 NY2d 638). We cannot conclude that the sole purpose of the statement was to elicit an incriminating response from defendant (cf., People v Ferro, supra, at 323-324). (Appeal from Judgment of Jefferson County Court, Elliott, J.—Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.