■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. GRESTY, Appellant. [655 NYS2d 217] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment of conviction after a nonjury trial of criminal possession of marihuana in the second degree (Penal Law § 221.25). Defendant contends that County Court erred in denying his motion to suppress the marihuana seized from him. We reject the contention that the police officers who testified at the suppression hearing lacked credibility. The evaluation of credibility by the hearing court is entitled to great weight and its determination is supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761; *People v McConnell*, 233 AD2d 867; *People v Brewington*, 145 AD2d 962, *lv denied* 74 NY2d 661).

The court determined that the People failed to establish that the confidential informant was reliable and that the observation of the activities of defendant did not clearly demonstrate criminal activity. Nevertheless, the court properly determined that the observation by the police officers of the equivocal behavior of defendant was sufficient, in conjunction with the informant's tip, to provide the officers with an objective credible reason to request information concerning his identity (*see, People v Hollman*, 79 NY2d 181, 193; *People v De Bour*, 40 NY2d 210, 223; *People v Martinez*, 206 AD2d 693, 696, *lv denied* 84 NY2d 937). As they were approaching the vehicle from which defendant had withdrawn what appeared to be a plastic shopping bag, one of the officers smelled marihuana. When the officers identified themselves as police officers, defendant spontaneously stated, "[T]his isn't mine". One of the officers asked, "[W]hat isn't?", and defendant said, "[T]his marihuana." At that point, there was probable cause to believe that defendant was committing a crime (*see, People v De Bour, supra*, at 223), justifying defendant's detention and the search of the bag, which contained five paper bags of marihuana. (Appeal from Judgment of Ontario County Court, Bender, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.