■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY HENRY, Appellant. [662 NYS2d 967] —Judgment unanimously affirmed. Memorandum: County Court did not err in summarily denying defendant's motion for an in camera inspection of the personnel file of the police officer who was the People's principal witness against defendant (*see,* Civil Rights Law § 50-a [2]; *People v Gissendanner,* 48 NY2d 543, 549-550). Defendant failed to set forth "in good faith * * * some factual predicate which would make it reasonably likely" that the file contents would "directly bear on the hard issue of guilt or innocence" and failed to show that he would not merely conduct a fishing expedition to gain information to impeach the officer's general credibility (*People v Gissendanner, supra,* at 550; *see, People v Valentine,* 160 AD2d 325, 326, *lv denied* 76 NY2d 797).

Defendant contends, in his *pro se* supplemental brief, that the court erred in denying his motion to suppress the statement he made to the police. We reject that contention. The evaluation of credibility by the hearing court is entitled to great weight and its determination will not be disturbed where, as here, it is supported by the record (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Gresty,* 237 AD2d 931). (Appeal from Judgment of Monroe County Court, Bristol, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.