■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE LITTLE, Appellant. [688 NYS2d 313] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20) and sentencing him to an indeterminate term of incarceration of 8¹/₃ to 25 years. Defendant contends that he was denied due process because he was indicted in 1997 for a crime committed in 1988. We disagree. County Court properly found that the People met their burden of establishing good cause for the nine-year preindictment delay. They established that the evidence was insufficient to present to a Grand Jury until defendant provided inculpatory statements in March 1997, at which time the informants' statements could then be corroborated (*see, People v Singer*, 44 NY2d 241, 253-254; *People v Frazier*, 159 AD2d 1017, 1017-1018, *lv denied* 76 NY2d 734, *cert denied* 498 US 873).

The court properly denied defendant's suppression motion. Defendant contends that his oral and written statements were obtained in violation of his right to counsel. Although defendant had been represented in 1988 by an attorney who participated in plea negotiations with respect to the robbery and homicide charges, defendant did not accept the plea offer

and pleaded guilty to the robbery charges only. During his incarceration therefor, defendant made two *pro se* motions and was represented on a third motion by another attorney. Furthermore, the police were unaware that defendant had counsel in 1988, when this investigation began (*see, People v Stern,* 226 AD2d 238, 239, *lv denied* 88 NY2d 969, 1072; *cf., People v West,* 81 NY2d 370, 379-380). The right to counsel did not indelibly attach as a result of the 1988 representation (*see, People v Rogers,* 48 NY2d 167). Thus, the court properly determined that the 1988 representation terminated upon the sentencing for the robbery conviction "without any indication that the representation continued" (*People v Mann,* 60 NY2d 792, 794).

Defendant further contends that, because he was represented by two different attorneys on unrelated charges in Niagara Falls City Court at the time of the questioning, he could not waive his right to counsel with respect to the homicide investigation. That contention lacks merit (*see, People v Steward,* 88 NY2d 496, 500, *rearg denied* 88 NY2d 1018). In any event, the court properly determined that the interrogation was not custodial and that the statements were made after defendant knowingly and voluntarily waived his rights (*see, People v Centano,* 153 AD2d 494, 495-496, *affd* 76 NY2d 837). The hearing court's assessment of credibility is entitled to great weight, and the court's determination will not be disturbed where, as here, it is supported by the record (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Henry,* 242 AD2d 877, *lv denied* 91 NY2d 834).

We reject defendant's contention that the court erred in permitting the victim's family to speak at sentencing in violation of CPL 380.50 (2) (a) (2) and (b) as it existed at the time of the homicide in 1988. Because the statute is procedural, the court did not err in permitting the statements (*see, People v Nival,* 33 NY2d 391, 396). Finally, the knowing and voluntary waiver by defendant of the right to appeal encompasses his present contention that the sentence is unduly harsh or severe (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Niagara County Court, Griffith, J.—Manslaughter, 1st Degree.) Present—Green, J. P., Pine, Wisner, Scudder and Callahan, JJ.