Appeal from a judgment of Wyoming County Court (Dadd, J.), entered December 18, 1997, convicting defendant after a jury trial of, inter alia, rape in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and three counts of assault in the second degree (§ 120.05 [2], [6]). Contrary to defendant’s contention, the verdict is not against the weight of the evidence. Although the victims were not able to identify defendant as the perpetrator and defendant testified to an alibi defense, the People presented, inter alia, defendant’s written confession to the crimes and DNA evidence that eliminated 99% of the population in the *961 United States. Thus, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in permitting the People to question a police officer concerning the photo array shown to the victims because the photo array had been dismantled and the court therefore was unable to determine whether it was unduly suggestive (see generally People v Bratton, 133 AD2d 408, 410-411 [1987], lv denied 70 NY2d 798 [1987]; People v Nelson, 79 AD2d 171, 173-174 [1981], cert denied sub nom. Usher v New York, 454 US 869 [1981]). We note that, prior to such questioning of the officer by the People, defense counsel referred to the photo array when he questioned one of the victims concerning the fact that she had been unable to identify defendant from it. Thus, defendant opened the door to such questioning by the People (see generally People v Melendez, 55 NY2d 445, 451-452 [1982]). In any event, any alleged error in the admission of testimony concerning the photo array is harmless. The victims were unable to identify defendant from the photo array, and thus such testimony was in fact favorable to defendant.
We also reject the contention of defendant that his confession was involuntary because he was under the influence of LSD at the time of the confession and the police promised that he could “go home” if he cooperated. The record is devoid of any evidence that defendant was under the influence of drugs at the time of his confession, and the alleged promise that defendant could “go home” if he cooperated did not render the confession involuntary. “It is well established that police ‘stratagems need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process [citations omitted] or that a promise or threat was made that could induce a false confession’ ” (People v Lee, 277 AD2d 1006, 1007 [2000], lv denied 96 NY2d 785 [2001], quoting People v Tarsia, 50 NY2d 1, 11 [1980]; see People v Richardson, 202 AD2d 958, 958-959 [1994], lv denied 83 NY2d 914 [1994]). We further reject the contention of defendant that he was denied effective assistance of counsel (see People v Baldi, 54 NY2d 137, 147 [1981]). We have reviewed defendant’s remaining contention and conclude that it is without merit. Present—Pigott, Jr., PJ, Pine, Scudder, Gorski and Lawton, JJ.