■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN M. BERRYHILL, Appellant. [873 NYS2d 829]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered February 23, 2004. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her,

upon a plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [2]), defendant contends that County Court erred in refusing to suppress her statements to the police. We reject that contention. The court properly determined that defendant was not in custody at the time she made her statements, and "the court's determination will not be disturbed where, as here, it is supported in the record" (*People v Little*, 259 AD2d 1031, 1032 [1999], *lv denied* 93 NY2d 926 [1999]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). We reject the further contention of defendant that she was misled by deceptive police tactics when they allegedly informed her that one of the individuals questioning her was a mental health professional (*see generally People v Tarsia*, 50 NY2d 1, 11 [1980]). The record of the suppression hearing establishes that the police introduced the individual in question as a professor, and he informed defendant that he taught courses in "psychological stress evaluation." Also contrary to the contention of defendant, the police did not induce her to make her statements by making "false promises" to her (*see People v Van Kuren*, 1 AD3d 960, 961 [2003], *lv denied* 1 NY3d 635 [2004]). Present— Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.