10-3834-pr
Munoz v. Burge

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of October, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DENNY CHIN,
                      *Circuit Judges*.

_____

JOSE FERNANDEZ MUNOZ,

             *Plaintiff-Appellant*,

        v.                                              10-3834-pr

JOHN BURGE, SUPERINTENDENT,

             *Defendant-Appellee*.

_____


For Plaintiff-Appellant:          Bowen Ranney (Ursula Bentele, of counsel, *on the brief*),
                                  BLS Legal Services, Inc., Brooklyn, N.Y.

For Defendant-Appellee:           Thomas M. Ross (Leonard Joblove & Sholom J. Twersky,
                                  *on the brief*), Assistant District Attorneys, of counsel, *for*
                                  Charles J. Hynes, District Attorney, Kings County,
                                  Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Jose Fernandez Munoz appeals from the denial of his petition for a writ of habeas corpus, raising several claims under 28 U.S.C. § 2254. We assume that the parties are familiar with the underlying facts and procedural posture of the case, as well as the issues on appeal.

When a district court denies a prisoner's petition for a writ of habeas corpus, "[w]e review . . . [that] denial . . . *de novo*." *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir. 2003).

There is insufficient evidence in the record to support the claim that a court officer at Munoz's trial communicated with jurors in violation of New York law. "[A] defendant has . . . the right to be present when the jury is given instructions or information by the court" – a right that precludes "the court [from] . . . delegat[ing] to a nonjudicial staff member its authority to instruct the jury on matters affecting their deliberations." *People v. Bonaparte*, 78 N.Y.2d 26, 30 (1991). New York courts, however, apply a broad "presumption . . . that no official . . . will do anything contrary to his [or her] official duty." *People v. Damiano*, 87 N.Y.2d 477, 498 (1996) (Bellacosa, J., dissenting in part) (alteration in original) (quoting *Matter of Marcellus*, 165 N.Y. 70, 77 (1900)).

The only evidence that there were any "unlawful communications," as Munoz argues, between court personnel and the jury seems to be the *absence* of an explanation for how the judge knew whom to question when investigating the source of the conflict among the jurors. The New York Court of Appeals, however, has made clear that it "will not engage in appellate speculation to recreate what the record simply does not reflect or suggest." *Damiano*, 87 N.Y.2d at 484. New York courts require "substantial" not speculative evidence in order to "overcome . . . . the presumption of regularity." *People v. Velasquez*, 1 N.Y.3d 44, 48 (2003).

Munoz's claim that his appellate counsel was ineffective for failing to challenge the trial court's failure to read two jury notes in open court also fails. In *People v. O'Rama*, 78 N.Y.2d 270 (1991), the New York Court of Appeals required that counsel be given "notice of the actual specific content of" any notes from the jury. *Id.* at 277. In this case, however, defense counsel never specifically objected to the court's not having read the jury notes into the record. Given the lack of a timely objection, any appellate claim raising the issue would ordinarily have been waived.

While the *O'Rama* Court found the error in that case so serious that the claim was preserved for appellate review "notwithstanding that defense counsel did not object to the court's procedure until" later, *id.* at 279, that case present38/ed different facts from those at issue here. While Munoz's counsel may have been unaware of the court's planned *Allen* charge, counsel made no objection – even *after* the charge had been given – to the court's failure to read the notes, or even requested that they be read. Thus, any error in this case did not "ha[ve] the effect of entirely preventing defense counsel from participating meaningfully in this critical stage of the trial," *id.*, given that counsel could have pressed his claim but did not.

Furthermore, at the time of Munoz's appeal, New York courts had declined to review *O'Rama* claims where the record was too sparse – or indeed silent – on the question of whether a defendant's rights under *O'Rama* had been violated. *See People v. Dudley*, 609 N.Y.S.2d 823, 824 (App. Div. 1994); *People v. Larrabee*, 607 N.Y.S.2d 769, 770 (App. Div. 1994). Here, one could at best infer that counsel discussed the notes with the court in an off-the-record exchange. Definitive proof, however, of what counsel knew and when, is lacking. While the law has since changed, *see People v. Tabb*, 13 N.Y.3d 852, 853 (2009) (holding that an "absence of record proof" constituted "a mode of proceedings error . . . requiring reversal"), we consider the law as it existed at the time of the appeal for the purpose of Munoz's ineffective assistance claim.

Thus, New York courts at the time of the appeal would have concluded that Munoz's counsel was required to preserve his *O'Rama* claim, which he failed to do, if the record even permitted review of the claim at all.

For the foregoing reasons, the order of the district court denying appellant's petition for a writ of habeas corpus is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk