■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAWAN WILLIAMS, Appellant. [731 NYS2d 436] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered December 20, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 1 year, respectively, unanimously affirmed.

The court properly admitted into evidence a photograph of defendant's apartment showing a blue-capped drug vial virtually identical to the one defendant had just sold to an undercover officer directly outside the apartment. The photograph was relevant to corroborate the undercover officer's testimony and to refute defendant's defense that the sale was a fabrication (*see, People v Leslie*, 232 AD2d 94, 100, *lv denied* 91 NY2d 875). The fact that there are alternate hypothetical explanations for the presence of the vial in defendant's apartment is, on the facts presented, a matter affecting weight and not admissibility (*see, People v Mirenda*, 23 NY2d 439, 453-454). Furthermore, the probative value of this evidence outweighed its minimal prejudicial effect.

The People made a sufficient showing to warrant closure of the courtroom to the general public during the undercover officer's testimony, since the *Hinton* hearing testimony established that the officer continued to work in the immediate area of defendant's arrest and had pending investigations there as well (*see, People v Ayala*, 90 NY2d 490, *cert denied* 522 US 1002). Defendant failed to preserve his present claim that the court should not have excluded various relatives of the codefendants without individualized showings of danger to the undercover. The record fails to support defendant's assertion that the court "cut off" his trial counsel's argument. On the contrary, counsel was afforded ample opportunity to make arguments but never mentioned that defendant had any relationship to any of the codefendants' relatives or wished them to be present (*see, People v Smith*, 266 AD2d 62, *lv denied* 95 NY2d 838). We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that as far as defendant was concerned the codefendants' relatives were simply members of the general public, the exclusion of which was justified (*see, People v Sheppard*, 257 AD2d 464, *lv denied* 93 NY2d 979).

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.