THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERWOOD GRANT, Appellant. [794 NYS2d 357]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered June 25, 2003, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. The evidence warranted the inference that defendant, with intent to wrongfully withhold such money, withdrew more than $11,000 from his Municipal Credit Union (MCU) account by means of ATM machines, at a time when he knew that he had no money in his account, and also knew that MCU was unable to verify account balances during such ATM transactions because of disruptions in communications resulting from the September 11, 2001 destruction of the World Trade Center. Such withdrawals, consisting of 357 separate attempted ATM transactions, over a 45-day period, of which 66 succeeded in withdrawal of currency and 291 were rejections, did not constitute mere overdrafts or loans, since defendant had no right to make such transactions, and since the evidence supports the conclusion that defendant never intended to repay the money.

The court properly admitted into evidence monthly statements and a letter sent to defendant since they were relevant to defendant's knowledge of the withdrawals from his account, his identity as the person who made the withdrawals, and his intent to keep the money. The notices posted in the MCU branches were also relevant to demonstrate that MCU sought to recover any such overdrafts. Defendant's arguments regarding the possibility that he did not see any of these items go to their weight and not their admissibility (*see e.g. People v Williams*, 287 AD2d 337 [2001], *lv denied* 97 NY2d 710 [2002]).

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel's failure to request a circumstantial evidence charge did not deprive defendant of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.