■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALE CARPENTER, Appellant. [826 NYS2d 816]—

Lahtinen, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered August 31, 2005, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

In November 2004, defendant allegedly slid his hand under the eight-year-old victim's clothing while she was in bed and fondled her buttocks. Approximately a week later, the victim informed her parents, who contacted authorities and, in December 2004, defendant was indicted for the crimes of sexual

abuse in the first degree and endangering the welfare of a child. A jury found him guilty of sexual abuse in the first degree, but not guilty of endangering the welfare of a child. County Court sentenced him to five years in prison and three years of postrelease supervision. Defendant appeals.

Defendant first argues that his motion to dismiss the indictment should have been granted because the competency of the victim and another child witness was not properly established when they testified before the grand jury. This argument is unavailing since "it is well-settled law that a defendant is precluded from challenging the sufficiency of the evidence before the [g]rand [j]ury after having been convicted at trial upon legally sufficient evidence" (*People v Schulze*, 224 AD2d 729, 729 [1996], *lv denied* 88 NY2d 853 [1996]; *see* CPL 210.30 [6]; *People v Dunton*, 30 AD3d 828, 828 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Stickles*, 267 AD2d 604, 606 [1999], *lv dismissed* 95 NY2d 839 [2000]).

There is, however, merit to defendant's contention that a prospective juror made statements during jury selection that cast serious doubt on his ability to be impartial and he did not thereafter give an unequivocal assurance of impartiality. Indeed, the People conceded this point in their brief and their effort to assert otherwise at oral argument was unpersuasive. When asked whether he could be impartial, the juror responded, "[t]he more I think about it, no," adding, "I've got little ones." He did not thereafter give an unequivocal assurance of impartiality. Defendant eventually exhausted his peremptory challenges and the denial of his challenge for cause of this juror was reversible error (*see People v Nicholas*, 98 NY2d 749, 752 [2002]; *People v Arnold*, 96 NY2d 358, 363 [2001]; *People v McLean*, 24 AD3d 1110, 1111 [2005]; *People v Heath*, 24 AD3d 876, 877 [2005], *lv denied* 6 NY3d 813 [2006]; *People v Russell*, 16 AD3d 776, 777-778 [2005], *lv denied* 5 NY3d 809 [2005]).

Although the remaining issues are academic, we note that upon retrial that portion of the victim's medical records containing hearsay which does not meet the requirement that "each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception" (*Matter of Leon RR*, 48 NY2d 117, 122 [1979]) should not be admitted into evidence.

Crew III, J.P., Carpinello and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for a new trial.