■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYMAN ESQUILIN, Appellant. [829 NYS2d 90]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered December 17, 2004, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously modified, on the facts, to the extent of reducing the conviction to grand larceny in the fourth degree and remanding the matter to the trial court for resentencing, and otherwise affirmed.

Except as indicated, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its rejection of defendant's explanations. Defendant's pattern of making empty-envelope deposits at ATMs that were immediately credited to his account, followed by withdrawals before the bank could inspect the envelopes and adjust his account balance, supported an inference of larcenous intent (*see People v Grant*, 18 AD3d 235 [2005], *lv denied* 5 NY3d 762 [2005]). The fact that some money, including directly deposited checks, kept flowing into defendant's account does not negate his intent (*see Matter of Reinaldo O.*, 250 AD2d 502, 503 [1998], *lv denied* 92 NY2d 809 [1998]); we note that the account had a considerable negative balance at the time defendant was arrested.

Defendant's specific challenge to the sufficiency of the evidence that the value of the stolen property exceeded $3,000 is unpreserved (*see e.g. People v Gomez*, 67 NY2d 843, 844-845 [1986]), and we decline to review it in the interest of justice. However, we find the verdict to be against the weight of the evidence as to that element. This case does not involve the theft of "an instrument constituting an evidence of debt" (Penal Law § 155.20 [2] [a]); rather, it involves the theft of cash. Here, the amount stolen is not the amount of the empty-envelope deposits, but the amount of defendant's withdrawals, offset by legitimate starting balances. Based on that method, we find that during the relevant time period defendant stole a total of $1,967.60. Since that amount is less than the amount required for grand larceny in the third degree (Penal Law § 155.35), but satisfies the amount required for grand larceny in the fourth degree (Penal Law § 155.30 [1]), we reduce the conviction accordingly and remand the matter to the trial court for resentencing (CPL 470.20 [4]; *People v Betts*, 232 AD2d 258 [1996]). Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.

Reargument granted and upon reargument, the decision and order of this Court, entered on November 16, 2006 (34 AD3d 324 [2006]), recalled and vacated and a new decision and order substituted therefor.