■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM PAUL, Appellant. [851 NYS2d 363]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered January 10, 2005, convicting him of assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

There is no basis to disturb the determination of the Supreme Court, made after an inquiry into the five-year-old complainant's testimonial capacity, that the child possessed sufficient intelligence and capacity to justify the receipt of her unsworn testimony (*see* CPL 60.20 [2]; *People v Scott,* 86 NY2d 864, 865 [1995]; *People v Groff,* 71 NY2d 101, 105 [1987]; *Matter of David S.,* 6 AD3d 539, 540 [2004]).

The child's testimony as to the identity of her assailant was sufficiently corroborated by the testimony of the child's mother and the medical evidence (*see* CPL 60.20 [3]; *People v Groff,* 71 NY2d at 109). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the voir dire conducted by the prosecutor before allowing the child to give unsworn testimony to the grand jury was inadequate to determine her testimonial capacity is not reviewable on this appeal from the defendant's conviction upon legally sufficient trial evidence (*see* CPL 210.30 [6]; *People v Carpenter,* 35 AD3d 1092, 1093 [2006]; *People v Haberer,* 24 AD3d 1283, 1284 [2005]).

The defendant's remaining contentions are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.