THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GREEN, Appellant. (Appeal No. 1.) [860 NYS2d 712]—

Appeal from a judgment of the Monroe County Court (Ste-

phen R. Sirkin, J.), rendered August 15, 2006. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree and criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant, David Green, appeals from a judgment convicting him following a jury trial of grand larceny in the second degree (Penal Law § 155.40 [1]) and criminal possession of a forged instrument in the second degree (§ 170.25). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction in appeal No. 1 (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that a credit union relied on a false representation by defendant that an outstanding mortgage on his property had been discharged when the credit union extended a $195,000 home equity line of credit to him. Defendant withdrew all of the loan proceeds and subsequently defaulted on the loan. Evidence that a forged satisfaction of mortgage had been faxed to the credit union with defendant's fax number on the document, together with defendant's affidavit stating that the mortgage had been discharged, is legally sufficient to establish that defendant possessed and sent the forged document to the credit union (see People v Dallas, 47 AD3d 725, 726 [2008]; People v Gibbs, 44 AD3d 417 [2007], lv denied 9 NY3d 1006 [2007]; People v Lewis, 292 AD2d 814 [2002], lv denied 98 NY2d 677 [2002]). The circumstantial evidence is also legally sufficient to establish that defendant did not intend to repay the loan (see People v Grant, 18 AD3d 235, 236 [2005], lv denied 5 NY3d 762 [2005]; People v Mishkin, 134 AD2d 529 [1987], lv denied 71 NY2d 900 [1988]; see generally People v Brenia, 277 AD2d 17 [2000], lv denied 96 NY2d 732 [2001]).

In appeal Nos. 2 and 3, David Green (defendant) and defendant Dave Green Auto World, Inc. appeal from judgments convicting them, upon pleas of guilty, of grand larceny in the second degree (Penal Law § 155.40 [1]), nine counts of offering a false instrument for filing in the first degree (§ 175.35), and two counts of making or delivering a fraudulent sales tax report (Tax Law § 1817 [b] [1]). We conclude that County Court properly refused to dismiss the indictment based on the preindictment delay of approximately three years. The People established good cause for the delay by showing that it was attributable to a complex investigation undertaken by the New York State Department of Taxation and Finance, which was impeded by defendant's failure to comply with a subpoena, and

was also attributable to the People's preparation of voluminous documentary evidence to present to the grand jury (*see generally People v Singer*, 44 NY2d 241, 254 [1978]). Considering the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), we conclude that the preindictment delay was not unreasonable (*see People v Hayes*, 39 AD3d 1173, 1174 [2007], *lv denied* 9 NY3d 923 [2007]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Peradotto, JJ.