THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALE CARPENTER, Appellant. [860 NYS2d 671]—

Lahtinen, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered July 25, 2007, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

The facts of this case are set forth in our prior decision in which we reversed defendant's conviction for sexual abuse in the first degree and remitted the matter for a new trial (35 AD3d 1092 [2006]). Upon retrial, defendant was again found guilty. He now appeals asserting that a supplemental charge to the jury was incorrectly handled by County Court, hearsay testimony was admitted into evidence at trial, and the prosecutor's summation improperly invited the jury to draw a negative inference from defendant's decision not to testify. Finding these arguments unavailing, we affirm.

During its deliberations, the jury sent a note seeking clarification of one of the elements of the charged crime. Specifically, the note asked, "How do we know what constitutes sexual gratification?" When presented with a substantive inquiry from a jury, the trial court is "obligated to give defendant and defense counsel meaningful notice of the precise contents of the jury's note and an advance opportunity to suggest appropriate responses" (*People v King*, 277 AD2d 708, 711 [2000], *lv denied* 96 NY2d 802 [2001]; *see* CPL 310.30; *People v O'Rama*, 78 NY2d 270, 276-278 [1991]). The record (as supplemented pursuant to

our permission) establishes that County Court revealed to the parties the content of the note and permitted discussion as to how the jury's question should be addressed. Moreover, County Court's supplemental instruction—which reiterated the People's burden of proof and correctly stated that sexual gratification can be inferred from defendant's conduct (*see People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007])— provided a meaningful response to the jury's question and was set forth in a fashion that fell within the court's discretion (*see People v Weinberg*, 83 NY2d 262, 267-268 [1994]; *People v Brown*, 2 AD3d 1216, 1218 [2003], *lvs denied* 3 NY3d 637 [2004]). A single reference in the supplemental instruction to the child as "the victim," while improper, did not constitute reversible error since "viewed as a whole, the charge correctly conveyed to the jury the proper standards to apply in arriving at its decision" (*People v Johnson*, 140 AD2d 954 [1988], *lv denied* 72 NY2d 920 [1988]).

Defendant urges that the hearsay rule was violated when the prosecutor asked the investigator from the Sheriff's Department whether defendant's mother or his sisters contacted the investigator. While nonverbal conduct that asserts a fact may constitute hearsay (*see People v Caviness*, 38 NY2d 227, 230 [1975]; *People v Esteves*, 152 AD2d 406, 412 [1989], *lv denied* 75 NY2d 918 [1990]), the prosecutor's question did not implicate acts that were intended as or could be interpreted as an assertion by defendant's mother or sisters (*see* Prince, Richardson on Evidence § 8-103 [Farrell 11th ed]; *see also People v Salko*, 47 NY2d 230, 239 [1979]). Since defendant objected solely on grounds of hearsay, his objection was properly overruled.

Lastly, defendant contends that the prosecutor's summation included an improper comment about defendant's failure to testify at trial. The prosecutor's comment, viewed in context, was directed at the purported lack of consistency and candor of defendant with the investigator (*see People v Spagnualo*, 5 AD3d 995, 997 [2004], *lv denied* 2 NY3d 807 [2004]), and was "not of such character as would naturally and reasonably be interpreted by the jury as adverse comment on defendant's failure to take the stand" (*People v Burke*, 72 NY2d 833, 836 [1988]). Further, while defense counsel noted at the close of the prosecutor's summation a concern about the prosecutor's comment and requested that the "no inference" instruction be given (*see* CPL 300.10 [2]), he did not state that he was objecting or moving for a mistrial and, accordingly, the issue was not properly preserved (*see People v Geraci*, 254 AD2d 522, 524 [1998]).

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.