The court’s finding was supported by legally sufficient evidence. The five-year-old complainant’s unsworn testimony was properly permitted given that the complainant’s response during the voir dire demonstrated a sufficient level of “intelligence *598 and capacity to justify the reception thereof’ (Family Ct Act § 343.1 [2]; CPL 60.20 [2]; People v Paul, 48 AD3d 833, 834 [2d Dept 2008]). The complainant testified that she was in her mother’s bedroom watching television when the 13-year-old appellant came into the room, pulled down her pants, and “put his tail in my butt.” When asked further questions about “tails,” she explained that girls do not have “tails” and that boys “pee and do dee” out of their tails. She described that the “tail” felt hard and it hurt when appellant put it in her butt.
The complainant’s testimony was corroborated by the testimony of her mother (Family Ct Act § 343.1 [3]; People v Paul, 48 AD3d at 834) who stated that on the evening of the incident, appellant, an extended family member who often plays with her children, was in one bedroom of her apartment playing video games with her 11-year-old son while her daughter, the complainant, was in another bedroom watching television with the door open. At one point during the evening, she looked through the open bedroom door and saw the complainant, who was on the bed, on her hands and knees in a bent over position, with her butt in the air, naked from the waist down, with appellant directly behind her. Appellant was fully clothed, his hands were at his sides, and the top button of his pants was unfastened. The complainant’s mother further testified that she asked appellant what he was doing, and he “stumbled, kind of backed away from [complainant] and started to stutter.” After she repeated the question, he answered that he had entered the bedroom to ask the complainant if he could borrow a video game. She told appellant to leave, and after he left, she asked her daughter what happened. After hearing what appellant had done, she called the police and took the complainant to the hospital, where she was examined. The record indicates that a rape kit was prepared but was never sent out for testing. The medical records show that the complainant told a doctor that appellant “put his tail on [her] butt” and “stuck his tongue in [her] butt.”
The presentment agency met its burden of proof beyond a reasonable doubt. We reject appellant’s argument that the inconsistencies in the complainant’s testimony, which we find to be minor, render the Family Court’s fact-finding determination against the weight of the evidence (see Matter of Andre N., 282 AD2d 273 [1st Dept 2001], lv denied 96 NY2d 717 [2001]; compare Matter of Arnaldo R., 24 AD3d 326 [1st Dept 2005]). Concur — Saxe, J.E, Sweeny, Richter, Abdus-Salaam and Román, JJ.