# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

212

KA 12-00794

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRANDON M. PULVINO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered November 30, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal sexual act in the first degree and attempted aggravated sexual abuse in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of criminal sexual act in the first degree (Penal Law § 130.50 [3]) and two counts of attempted aggravated sexual abuse in the third degree (§§ 110.00, 130.66 [1] [c]). Defendant contends that the prosecutor engaged in misconduct during the grand jury proceedings by permitting the three victims to testify before the grand jury notwithstanding their lack of testimonial capacity (*see generally* CPL 60.20). Defendant failed to preserve that contention for our review (*see People v Walker*, 50 AD3d 1452, 1453, *lv denied* 11 NY3d 795, *reconsideration denied* 11 NY3d 931), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Insofar as defendant contends that County Court erred in denying, or in declining to rule on, his motion to dismiss the indictment on the ground that the victims lacked the capacity to testify under oath at the grand jury, we note that "[d]efendant was convicted 'upon legally sufficient trial evidence,' and thus his contention with respect to the competency of the evidence before the grand jury 'is not reviewable upon an appeal from the ensuing judgment of conviction' " (*People v Haberer*, 24 AD3d 1283, 1284, *lv denied* 7 NY3d 756, *reconsideration denied* 7 NY3d 848, quoting CPL 210.30 [6]; *see People v Paul*, 48 AD3d 833, 834, *lv denied* 10 NY3d 868; *People v Carpenter*, 35 AD3d 1092, 1093).

Contrary to defendant's contention, the court did not abuse its discretion in permitting the two younger victims to provide sworn testimony at trial.  Those victims, who were seven and eight years old, demonstrated that they understood the nature of an oath, i.e., that they "appreciate[d] the difference between truth and falsehood, the necessity for telling the truth, and the fact that a witness who testifies falsely may be punished" (CPL 60.20 [2]; *see People v Alexander*, 109 AD3d 1083, 1084; *People v Feldt*, 198 AD2d 788, 789; *see generally People v Hetrick*, 80 NY2d 344, 349; *People v Nisoff*, 36 NY2d 560, 565-566).  We reject defendant's contention that the court failed to rule on his request to preclude the two younger victims from testifying.  To the contrary, the record establishes that the court individually questioned both of those victims and expressly ruled that they would be permitted to testify under oath.

Defendant further contends that the court erred in denying his request to preclude all three victims from giving sworn testimony because they lacked a basic religious education and because they were improperly coached by the prosecution.  We reject that contention.  Contrary to defendant's contention, the witnesses' lack of religious education is not a proper basis upon which to refuse to permit them to testify under oath (*see People v Cordero*, 257 AD2d 372, 375, *lv denied* 93 NY2d 968).  We reject defendant's further contention that the prosecutor committed misconduct in the form of witness coaching (*see generally Perry v Leeke*, 488 US 272, 282).  "There was no nonspeculative evidence of any improper influence exerted on th[ose] witness[es]" (*People v Thompson*, 59 AD3d 1115, 1116, *lv denied* 12 NY3d 860 [internal quotation marks omitted]; *see People v Kemp*, 251 AD2d 1072, 1072, *lv denied* 92 NY2d 900; *see also People v Montalvo*, 34 AD3d 600, 601, *lv denied* 8 NY3d 883; *People v Nickel*, 14 AD3d 869, 870-871, *lv denied* 4 NY3d 834).

Defendant further contends that he was denied effective assistance of counsel because of a litany of alleged errors, including defense counsel's failure to move to dismiss the indictment on constitutional speedy trial grounds.  It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287).  It is also well settled that, in determining whether there has been an unconstitutional delay in commencing a prosecution, the factors to be considered are "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445; *see People v Decker*, 13 NY3d 12, 14-15).  Although no one factor is determinative, "the extent of the delay . . . is of critical importance because 'all other factors being equal, the greater the delay the more probable it is that the accused will be harmed thereby' " (*People v Romeo*, 12 NY3d 51, 56, quoting *Taranovich*, 37 NY2d at 445).  Here, the 21-month delay in presenting the matter to a grand jury was not unconstitutionally excessive (*see generally Decker*, 13 NY3d at 15-16; *People v Gaston*,

104 AD3d 1206, 1206-1207; *People v Rogers*, 103 AD3d 1150, 1151, *lv denied* 21 NY3d 946; *People v Green*, 52 AD3d 1263, 1264, *lv denied* 11 NY3d 788), and defendant failed to identify any prejudice arising from that delay.  Thus, a motion to dismiss the indictment on such grounds had little or no chance of success.  We also reject defendant's remaining allegations of ineffective assistance of counsel and conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

We reject defendant's contention that the court abused its discretion in denying his motion in which he sought to be adjudicated a youthful offender.  Pursuant to CPL 720.10 (3) (i), a youth who is convicted of, inter alia, aggravated sexual abuse or first-degree criminal sexual act is ineligible for a youthful offender adjudication unless the court concludes, insofar as relevant here, that there are "mitigating circumstances that bear directly upon the manner in which the crime was committed" (*see* CPL 720.10 [2] [a] [iii]; *People v Fields*, 287 AD2d 577, 578, *lv denied* 97 NY2d 681; *People v Victor J.*, 283 AD2d 205, 206-208, *lv denied* 96 NY2d 94).  Here, defendant failed to introduce any evidence that such mitigating circumstances exist (*see People v Parker*, 67 AD3d 1405, *lv denied* 15 NY3d 755; *People v Terry*, 19 AD3d 1039, 1040, *lv denied* 5 NY3d 833), and "[t]hus, defendant was not eligible to be adjudicated a youthful offender" (*People v Lugo*, 87 AD3d 1403, 1405, *lv denied* 18 NY3d 860).

Defendant failed to preserve for our review his further contention that the duration of the orders of protection issued in connection with the judgment exceed the statutory maximum (*see People v Nieves*, 2 NY3d 310, 315-317), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see People v Childres*, 60 AD3d 1278, 1279, *lv denied* 12 NY3d 913).  The sentence is not unduly harsh or severe.

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court