◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHEED McPHEE, Appellant. [984 NYS2d 67]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered January 24, 2013, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was convicted of armed felony offenses under counts one and two of an indictment, was not eligible for a youthful offender adjudication with respect to those counts, since there were no mitigating circumstances bearing directly upon the manner in which those crimes were committed and his role in those crimes was not minor (*see* CPL 1.20 [41]; 720.10 [2] [a]; [3]; *People v Watts*, 91 AD3d 678, 679 [2012]; *People v Henry*, 76 AD3d 1031 [2010]; *People v Jhang*, 302 AD2d 606 [2003]; *People v O'Neill*, 86 AD2d 213, 215 [1982]). Furthermore, considering, among other things, the seriousness of the robbery offense under count three of the indictment, and the defendant's level of cooperation with the authorities, the interests of justice would not be served by the defendant receiving a youthful offender adjudication with respect to that count of the indictment (*see People v Lopez*, 82 AD3d 906, 907 [2011]; *People v Wright*, 44 AD3d 692 [2007]; *People v Cruickshank*, 105 AD2d 325, 333-334 [1985], *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625 [1986]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.