# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**585**

**KA 13-00803**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KYLE M. JULIANO, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

KYLE M. JULIANO, DEFENDANT-APPELLANT PRO SE.

JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (John J. Brennan, A.J.), rendered November 13, 2012. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to a determinate term of 7 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sexual act in the first degree (Penal Law § 130.50 [3]). Defendant contends in his main and pro se supplemental briefs that County Court erred in admitting in evidence that part of defendant's statement that referred to a prior act of abuse against the victim. We reject defendant's contention. That part of his statement was properly admitted to provide necessary background information and to complete the narrative (*see People v Leeson*, 12 NY3d 823, 826-827; *People v Ennis*, 107 AD3d 1617, 1618, *lv denied* 22 NY3d 1040, *reconsideration denied* 23 NY3d 1036). The probative value of that testimony outweighed any prejudice to defendant and, in any event, any prejudice to defendant was minimized by the court's limiting instructions (*see People v Rogers*, 103 AD3d 1150, 1152-1153, *lv denied* 21 NY3d 946).

We reject defendant's contention in his main and pro se supplemental briefs that the court abused its discretion in refusing to afford him youthful offender status. "Pursuant to CPL 720.10 (3) (i), a youth who is convicted of, inter alia, . . . first-degree criminal sexual act is ineligible for a youthful offender adjudication unless the court concludes, insofar as relevant here, that there are

'mitigating circumstances that bear directly upon the manner in which the crime was committed' " (*People v Pulvino*, 115 AD3d 1220, 1223, *lv denied* 23 NY3d 1024), and the court properly concluded that there were no such mitigating circumstances in this case (*see id.; People v Terry*, 19 AD3d 1039, 1040, *lv denied* 5 NY3d 833). Defendant's further contention in his main brief that he was penalized for exercising his right to a trial, inasmuch as the court imposed a harsher sentence than the one offered during plea negotiations, is not preserved for our review, and it is without merit in any event (*see People v Griffin*, 48 AD3d 1233, 1236-1237, *lv denied* 10 NY3d 840).

We agree with defendant, however, that the sentence is unduly harsh and severe, particularly considering defendant's mental disabilities and lack of a prior criminal record. We therefore modify the judgment, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), by reducing the sentence imposed to a determinate term of imprisonment of 7 years, to be followed by the 15-year period of postrelease supervision previously imposed. We have examined the remaining contentions of defendant raised in his pro se supplemental brief and conclude that they are without merit.

Entered: May 8, 2015

Frances E. Cafarell
Clerk of the Court