# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

481
**KA 11-01995**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY STEWART, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 29, 2011. The appeal was held by this Court by order entered June 19, 2015, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (129 AD3d 1700). The proceedings were held and completed (Thomas J. Miller, J.).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to make and state for the record its determination whether defendant is a youthful offender (*People v Stewart*, 129 AD3d 1700, 1701). Upon remittal, the court declined to adjudicate defendant a youthful offender, and we now affirm. Inasmuch as defendant was convicted of robbery in the first degree (Penal Law § 160.15 [4]), an armed felony offense (*see* CPL 1.20 [41] [b]), he "is ineligible for a youthful offender adjudication unless the court concludes, insofar as relevant here, that there are 'mitigating circumstances that bear directly upon the manner in which the crime was committed' " (*People v Pulvino*, 115 AD3d 1220, 1223, *lv denied* 23 NY3d 1024; *see* CPL 720.10 [3] [i]). The court properly concluded that there were no such mitigating circumstances in this case and therefore did not abuse its discretion in refusing to afford defendant youthful offender status (*see People v Juliano*, 128 AD3d 1521, 1522, *lv denied* 26 NY3d 931; *People v Smith*, 118 AD3d 1492, 1493-1494, *lv denied* 25 NY3d 953; *People v McPhee*, 116 AD3d 714, 715, *lv denied* 23 NY3d 1040). Contrary to defendant's contention, the fact that he may have used only a BB gun is not a mitigating circumstance inasmuch as the victim testified that it appeared that defendant had a sawed-off shotgun, which he pointed at the victim's head while demanding money (*see*

*People v Henry*, 76 AD3d 1031, 1031).

Entered:  June 10, 2016

Frances E. Cafarell
Clerk of the Court